UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GORDON MELVEN,

                Petitioner,

v.

JOHN DAVIDS,

                Respondent.

Case No. 21-cv-11841
Honorable Shalina D. Kumar
United States District Judge

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING (ECF NO. 3), DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF NO. 1), AND DENYING THE MOTION TO APPOINT COUNSEL (ECF NO. 14)**

John Gordon Melven, a state prisoner in the custody of the Michigan Department of Corrections (MDOC), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state-court convictions for second-degree murder and commission of a felony with a firearm (felony-firearm). ECF No. 1. Melven simultaneously filed a motion for equitable tolling of the statute of limitations asserting that his mental incompetence prevented him from timely filing his petition. ECF No. 3.

For the reasons stated below, the Court **DENIES** Melven's motion for equitable tolling and **DISMISSES** the habeas petition with prejudice. Additionally, the Court **DENIES** Melven's pending motion for appointment of counsel.

## I. FACTUAL BACKGROUND

In 2009, Melven shot and killed his girlfriend's husband. Melven was charged with first-degree premeditated murder, M.C.L. § 750.316(1)(a), and entered a plea of not guilty by reason of insanity. Prior to the preliminary examination, the parties stipulated to a competency evaluation, and Melven was referred to the Center for Forensic Psychiatry to be examined. *See* ECF No. 13-1, PageID.140-141. Melven was additionally examined by an independent psychologist, Steven R. Miller, Ph.D., L.P. In his report, Dr. Miller concluded that he lacked sufficient information to determine whether Melven was legally insane; however, he did find that Melven suffered from moderate to severe mental illness at the time of the offense. ECF No. 1, PageID.69-70. On April 29, 2009, Melven was determined competent to stand trial. ECF No. 13-1, PageID.141.

A second competency hearing was held on May 14, 2010, to determine whether Melven was competent to waive his *Miranda* rights. ECF No. 13-1, PageID.142. He was determined competent, and on January 4, 2011, Melven pleaded guilty but mentally ill to second-degree murder, M.C.L. § 750.317, and felony-firearm, M.C.L. § 750.227b, before the Wayne County Circuit Court. ECF No. 13-7, PageID.514.  On January 19, 2011, the trial court sentenced Melven to 23 to 50 years of

imprisonment for the murder conviction, and a consecutive term of two years of imprisonment for the felony-firearm conviction. Melven filed a delayed application for leave to appeal in the Michigan Court of Appeals, and the application was subsequently denied on February 17, 2012. ECF No. 13-14, PageID.802. Melven did not file an application for leave to appeal in the Michigan Supreme Court. ECF No. 13-16, PageID.1014.

On January 31, 2014, Melven filed a motion for relief from judgment in the state trial court; however, he withdrew the motion on May 19, 2014 and filed a new motion for relief from judgment in December 2017. ECF No. 13-10, PageID.593. The motion asserted several grounds for relief, including ineffective assistance of trial counsel, evidentiary issues, ineffective assistance of appellate counsel, and involuntary plea. *Id*. at PageID.596-612. On December 20, 2019, the trial court denied the motion on the merits. ECF No. 13-12.

Melven filed an application for leave to appeal in the Michigan Court of Appeals—the application was denied. ECF No. 13-13, PageID.685. The Michigan Supreme Court further denied Melven's application for leave to appeal because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Melven*, 954 N.W.2d 804 (Mich. 2021).

Melven then filed the present habeas petition on July 28, 2021. He concedes that his habeas petition was not timely filed but argues that equitable tolling applies because he was mentally incompetent during the relevant limitations period, and his incompetency caused his failure to comply with the statute of limitations. Melven further requests that an evidentiary hearing on the matter be held. On November 4, 2022, respondent filed a response contending that the motion lacked merit along with the relevant Rule 5 materials.

## II. DISCUSSION

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir. 1999); *see also Cooey v. Strickland*, 479 F.3d 412, 415–16 (6th Cir. 2007); *Elliott v. Mazza*, 2019 WL 1810920 (6th Cir. 2019) (denying petitioner's request for a certificate of appealability when the district court properly dismissed the petition on statute of limitations grounds).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations period upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

4

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

Under the AEDPA's framework, the Court must first determine when Melven's judgment became final. Melven was sentenced on January 19, 2011. Under then-existing Michigan law, Melven had 12 months to seek leave to appeal to the state appellate courts. *See* MCR 7.205(F)(3) (2011). He filed a delayed application in the Michigan Court of Appeals, which denied the application on February 17, 2012. Because Melven did not file

an application for leave to appeal in the Michigan Supreme Court, his conviction became final on April 13, 2012—56 days after the decision of the Michigan Court of Appeals. *See* MCR 7.302(C)(2) (2012); *see also* 28 U.S.C. § 2244(d)(1)(A) (stating a conviction becomes final when the time to seek direct review expires). Therefore, the one-year limitations period expired on April 15, 2013. *See* 28 U.S.C. § 2244(d); *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006). Melven filed his habeas petition on July 28, 2021,[1] approximately 8 years after the limitations period expired. Absent a showing of equitable tolling or actual innocence, the petition is time-barred.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Melven is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir.

---

[1] Melven signed and dated his petition on July 28, 2021, and it is considered filed on that date. ECF No. 1, PageID.48; *United States v. Smotherman*, 838 F.3d 736, 737 (6th Cir. 2016).

2010). The burden is on a habeas petitioner to establish entitlement to equitable tolling of the one-year limitations period. *Id*.

A habeas petitioner's mental incompetence or incapacity may provide a basis for equitably tolling of the AEDPA's statute of limitations. *See Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a habeas petitioner must show that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with the AEDPA's statute of limitations. *Id*. Moreover, "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id*. (internal citation omitted). "Mental incompetence is not a per se reason to toll a statute of limitations." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008); *see also Brown v. McKee*, 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). A habeas petitioner must allege more than the "mere existence of physical or mental ailments" to qualify for the equitable tolling of AEDPA's statute of limitations. *Brown*, 232 F. Supp. 2d at 767.

Melven claims that he is entitled to equitable tolling because he has a strong history of mental illness. He claims that "the [f]irst [e]vidence of his mental illness occurred during a pre-trial proceeding when he was

7

examined by Doctor Steven R. Miller who concluded that he suffered from a personality disorder. ECF No. 3, PageID.93. He claims that the second evidence of his mental illness occurred during his plea hearing when he entered a plea of guilty but mentally ill to second-degree murder. *Id*. at PageID.94. In support, Melven has presented the Court with Dr. Miller's 2009 forensic report, along with the relevant competency and plea hearing transcripts.

The Court does not doubt Melven suffers or has suffered from mental illness. Dr. Miller's report concluded that Melven likely suffered from "Borderline Personality Disorder" which is characterized by "pervasive instability in moods . . . and behavior." ECF No. 1, PageID.66. The report further concluded that Melven has suffered from "severe transient depressions . . . and a severe form of alcohol dependence." *Id*. at 68. Melven's mental health history also includes periodic psychiatric hospitalizations. *Id*. at 56. At the time of the report, Melven was "stabilized on a variety of psychotropic medications." *Id*. at 61.

Although it is evident that Melven has suffered from a long history of mental illness, he presents no evidence that he was suffering from a mental illness during the relevant period from April 13, 2012 to April 15, 2013. Rather, his factual allegations hinge solely on the state of his mental health

during the 2009 to 2011 criminal proceedings, which is insufficient to show he was incompetent during the limitations period.

But even assuming Melven was incompetent during the relevant period, he still fails to show that his mental illness was the cause of his untimely filing. Melven alleges that "he is being housed at a level-5 facility and has not been reevaluated by a psychiatric physician since he was sentenced . . . and therefore he (sic) has not been determined by a psychiatric physician that his competency has been restore[d]." ECF No. 3, PageID.95. This allegation, however, is inconsistent with the state-court record, which shows that Melven was determined to be competent during the criminal proceedings. Moreover, the allegation does not explain how his mental condition prevented him from timely filing his habeas petition. Melven alleges no additional facts to this point. For instance, he does not allege that he discontinued his medications or was hospitalized for psychiatric treatment during his incarceration.

The Court further notes that Melven did pursue post-conviction relief in the state courts while suffering from his alleged mental impairment. This is indicative of Melven's ability to pursue his rights while suffering from his mental condition, which he does not allege had changed since his criminal proceedings. For these reasons, he fails to show a causal connection

9

between his mental impairment and his ability to timely file a habeas petition to justify the equitable tolling of the limitations period. *See McSwain*, 287 F. App'x at 457; *Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005).

Additionally, Melven is not entitled to an evidentiary hearing. The Sixth Circuit instructs that "an evidentiary hearing is required when sufficiently specific allegations would entitle the petitioner to equitable tolling on the basis of mental incompetence which caused the failure to timely file." *Ata*, 662 F.3d at 742. As discussed, Melven does not offer any specific allegations supporting a causal link between his mental incompetence and the untimely petition. His allegations, even accepted as true, are purely conclusory. For this reason, the Court will deny Melven's request for an evidentiary hearing.

Although not argued by Melven, the Court also notes that the one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Melven makes no such showing in this case and, therefore, actual innocence does not justify equitable tolling.

The Court also denies Melven's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is granted only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Because the issue of whether Melven's habeas application is time-barred under the applicable statute of limitations is not particularly complex, the Court denies his motion for the appointment of counsel. ECF No. 14.

### III. CONCLUSION

Based on the foregoing analysis, the Court concludes that Melven failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d), equitable tolling does not apply, and the statute of limitations precludes federal review of the petition.

Accordingly, the Court **DENIES** the motion for equitable tolling (ECF No. 3) and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus (ECF No. 1).

Before Melven may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id*. "The district court must issue or deny a certificate of

12

appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Accordingly, the Court **DENIES** Melven a Certificate of Appealability; reasonable jurists would not find it debatable whether this Court was correct in determining that Melven did not file his habeas petition within the one-year limitations period and that equitable tolling does not apply. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court also **DENIES** Melven leave to appeal *in forma pauperis* because the appeal would be frivolous. *Id*.

Further, the Court **DENIES** Melven's motion for appointment of counsel (ECF No. 14).

**IT IS SO ORDERED**.

                                                  s/Shalina D. Kumar
                                                  SHALINA D. KUMAR
                                                  United States District Judge

Dated: March 21, 2024